UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ISM SPORTS, INC. d/b/a INNOVATIVE SPORTS
MARKETING, as Broadcast Licensee of the October 18,
2001 Athens/Croatia Program,

               Plaintiff,

-against-

LEMONIA GYRO & SOUVLAKI, INC. d/b/a
LEMONIA RESTAURANT and ROTIS ANDREOU,

              Defendants.
------------------------------------------------------------------- X

04 CV 2333 (ARR)(RML)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

I have received the Report and Recommendation on the instant case dated June 30, 2005 from the Honorable Robert Levy, United States Magistrate Judge. Judge Levy recommended that plaintiff's motion for a default judgment be granted and that judgment be entered in favor of plaintiff in the amount of $4,000.

Plaintiffs filed objections to the Report and Recommendation on July 11, 2004. Plaintiff objects to the amount of damages recommended by Judge Levy. Additionally, plaintiff objects to Judge Levy's recommendation that attorney's fees not be awarded because plaintiff failed to submit records supporting its application for such fees. With its Objections to the Report and Recommendation, plaintiff has submitted time records in support of its request for attorney's fees.

Having conducted a de novo review of the record, see 28 U.S.C. § 636(b)(1), this court finds Judge Levy's recommendations as to damages to be reasonable and plaintiff's objections to

1

this award without merit, and hereby adopts the Report and Recommendation as the opinion of the court for the reasons discussed below. The court believes that the overall damage award recommended by Judge Levy is sufficient to achieve the goal of the statute at issue, namely to deter the unauthorized receipt of satellite television programming. The court also declines to award attorney's fees in light of plaintiff's failure to provide the necessary documentation in a timely manner.

Plaintiff first argues that the damage calculation relied upon by Judge Levy – the reported patron count multiplied by a fixed dollar amount – is inappropriate. Such a calculation, plaintiff argues, is not appropriate to "damages that commercial distributors, such as Plaintiff, . . . suffer from piracy and exhibition of their events which are not sold to individual consumers for residential use but marketed and sold to commercial establishments by contract based upon the capacity of the establishment as defined by their public assembly permit." Objections at 2. Instead, plaintiff urges the court to calculate damages based on the "capacity of the establishment." Id. Plaintiff, however, cites no authority for such a damage theory. Although the capacity theory may be employed in some cases, a review of caselaw in this Circuit establishes that the patron count method, the one used by Judge Levy, is regularly employed in cases similar to the one at bar. Accordingly, the court declines to adopt the alternative damage calculation method suggested by plaintiff.[1]

---

[1] Plaintiff also seems to request that flat fee damages be awarded, citing to other cases in this district and the Southern District in which this was done. Because the court finds the per person damages calculation to be appropriate in this case, the court declines to award flat fee damages merely because other courts have chosen to do so.

2

Plaintiff next objects to the specific per person damage amount recommended by Judge Levy. Citing other cases in this district, Judge Levy recommended a damage amount of $50 per patron. Report and Recommendation at 6 (citing cases). Based on the twelve patrons present in the establishment during the event's broadcast, Judge Levy concluded that $600 in damages was appropriate. However, because this sum fell below the $1,000 statutory minimum under 47 U.S.C. § 605(e), Judge Levy recommended that the damage amount be increased to $1,000. Recognizing that plaintiff's conduct was wilful, Judge Levy further recommended that plaintiff be awarded $3,000 in enhanced damages under § 605(e)(3)(C)(ii) as a penalty for wilful violation. Accordingly, under Judge Levy's recommendation, plaintiff would receive at total of $4,000 in damages.

Plaintiff now objects to the damage amount of $50 per patron recommended by Judge Levy. Although plaintiff concedes that this amount is regularly awarded in this district, plaintiff urges the court to adopt the damage amount of $300 per patron often awarded by courts in the Southern District. Plaintiff also asks that the damages be enhanced by a multiple of five, rather than trebled as recommended by Judge Levy. Plaintiff's arguments are unpersuasive.

A review of the caselaw relied upon by plaintiff demonstrates that while $300 per patron is sometimes awarded in cases similar to this one, that amount constitutes the total sum of both "statutory damages" and "enhanced damages." In other words, plaintiffs are regularly awarded a total of $300 per patron with no additional flat fee for enhanced damages. See, e.g., Garden City Boxing Club v. Alicea, No. 04 Civ. 2084 (S.D.N.Y. 2005) (awarding $300 per patron based on an occupancy of 22 patrons, for a total award of $6600); New Contenders v.

3

Diaz, 96 Civ. 4701, 1997 U.S. Dist. LEXIS 13132 (S.D.N.Y. Sept. 2, 1997) (awarding $300 per patron with no further enhancement). In none of the cases cited by plaintiff was a $300 per patron statutory damage award further enhanced. Judge Levy's suggested award of $4,000, divided by the number of patrons in the establishment at the time of the violation, actually amounts to an award of approximately $333 per patron.

Judge Levy's decision to treble the statutory damages is perfectly reasonable, and the court sees no reason to increase the enhanced damages award. While some courts have awarded a wilfulness penalty five times greater than the statutory damages, the amount of such a penalty is left to the discretion of the court. The mere fact that some courts have multiplied the statutory damage award by greater than three is insufficient reason to conclude that this is appropriate in all instances. Because plaintiff's overall recovery per patron is already greater than the amount awarded by other courts in this circuit, the court finds no reason to reject Judge Levy's recommendation that the wilfulness penalty be three times the statutory damage amount.

Plaintiff next seeks an award of attorney's fees. Judge Levy recommended that no attorney's fees be awarded, noting that "[a]lthough plaintiff requested attorney fees in the Complaint . . . it has not requested any specific amount or submitted any documentation to support a request for attorney's fees." Report and Recommendation at 10. Although plaintiff has submitted an affidavit of attorney's fees with its objections to the Report and Recommendation, the court finds the attorney fee request to be waived.

By order dated March 28, 2005, Judge Levy ordered plaintiff to "serve and file a detailed, written submission with appropriate documentation to support its claims for damages

4

and attorney's fees on or before May 13, 2005." Plaintiff plainly failed to follow this instruction of the court.[2] Although a district court has discretion to do so, it is not required to consider evidence presented for the first time in a party's objection to the recommendation of a Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Brown v. Roe, 279 F.3d 742 (9th Cir. 2002); Tenen v. Winter, 15 F.Supp.2d 270 (W.D.N.Y. 1998). Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes. The court therefore declines to consider the Affidavit of Attorney Fees submitted with plaintiff's objections to Judge Levy's Report and Recommendation.

---

[2]The court also notes that plaintiff's counsel, Ms. Lonstein, is well aware of the ramifications of neglecting to submit documentation to the magistrate judge in support of attorney's fees requests. In a recent case in the Southern District, as here, Ms. Lonstein failed to submit such documentation, resulting in a magistrate judge's recommendation that no attorney's fees be granted. See Kingvision Pay-Per-View Ltd. v. Hansen, No. 02 Civ. 6587, 2004 WL 744230 (S.D.N.Y. 2004). The Southern District docket sheet indicates that the district court judge adopted the magistrate judge's report and recommendation. From both this experience and the specific instruction by Judge Levy, it is clear to the court that plaintiff's counsel was aware of her responsibility to submit this documentation in a timely manner and consciously chose not to do so.

For the foregoing reasons, having conducted a <u>de novo</u> review of the record, <u>see</u> 28 U.S.C. § 636(b)(1), the court hereby adopts the Report and Recommendation as the opinion of the court. Plaintiff's motion for a default judgment is granted and plaintiff is awarded $4,000 in damages. Plaintiff's motion for attorney's fees is denied. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

                                                    Allyne R. Ross
                                                   United States District Judge

Dated: July 28, 2005
       Brooklyn, New York

SERVICE LIST:

>Julie Cohen Lonstein
>Lonstein Law Office, P.C.
>1 Terrace Hill
>PO Box 351
>Ellenville, NY 12428
>
>Rotis Andreou
>124-10 9th Avenue
>College Point, NY 11356
>
>Lemonia Gyro & Souvlaki, Inc.
>d/b/a Lemonia Restaurant
>29-19 Broadway
>Astoria, NY 11106

cc: Magistrate Judge Robert M. Levy